FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 19 2007

JAMES R LARSEN, CLERK
DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

OLIVERA ALBERTO,

Plaintiff,

vs.

FRANKLIN COUNTY SUPERIOR COURT, PROSECUTOR DENNIS DEFELICES, and DEFENSE ATTORNEY REMBERT RYALS,

Defendants.

NO. CV-07-5016-AAM

ORDER DISMISSING ACTION

By Order filed June 7, 2007, the court directed Mr. Alberto, a prisoner at the Washington State Penitentiary, to comply with LR 10.1(a), Local Rules for the Eastern District of Washington, by presenting his complaint in English. The court takes judicial notice of DOC Policy number DOC 590.500 V.E. which provides:

> "Offenders who are illiterate, unable TO READ OR WRITE ENGLISH, or are otherwise disabled should be referred by the Law Librarian first to authorized attorneys, then to trained law clerks, or finally, to other offenders with legal skills who may work with this offender without compensation." Plaintiff, however, did not comply and has filed nothing further in this action.

Plaintiff has filed nothing further in this action.

**DISMISSAL FOR FAILURE TO OBEY A COURT ORDER**

"Pursuant to Federal Rule of Civil Procedure 41 (b), the district

court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992). The district court should consider five factors when deciding whether to dismiss a case for failure to obey a court order:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260-61 (Citations omitted).

The first two factors weigh in favor of dismissal. The court's and the public's interests are both served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because Defendants have not yet been served. Only the fourth factor arguably weighs against dismissal. However, despite the court's instructions, Plaintiff has not yet presented sufficient allegations. As for the fifth factor, the only less drastic alternative would be to allow Plaintiff yet more time to comply with the court's directive. Plaintiff, however, has already had more than a month to present his complaint in English; and failed to do so. Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal. On balance, the four factors that favor dismissal outweigh the one that does not. *Ferdik*, 963 F.2d at 1263 (*citing, Malone v. United States Postal Serv*, 833

F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal), *cert. denied*, 488 U.S. 819 (1988)). Accordingly, **IT IS ORDERED** Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.** The District Court Executive shall enter this Order, enter judgment, forward copies to Plaintiff and close the file.

**DATED** this 18th day of July 2007.

ALAN A. McDONALD
SENIOR UNITED STATES DISTRICT JUDGE